Filed
Clerk of Court
United States District Court
*By Morgan Akins*
On: 2/26/2026



# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| BETTY WADE, as REPRESENTATIVE OF THE ESTATE OF DAVID HENEGAR, | ) ) ) | Case No.: 3:23-cv-00073-DHB-BKE |
| *Plaintiff,* | ) ) ) | Hon. Dudley H. Bowen, Jr., District Judge |
| *v.* | ) ) ) | Hon. Brian K. Epps, Magistrate Judge |
| KEAMBRIAH MORGAN, TAMARA GRIER, DONALD LANGDON, and TRACEY JOHNSON MCAFEE., | ) ) ) ) | **JURY TRIAL DEMANDED** |
| *Defendants.* | ) | |

## PRETRIAL ORDER

Plaintiff Betty Wade and Defendants Keambriah Morgan, Donald Langdon, Tracey Johnson McAfee and Tamara Grier, by and through their respective counsel, submit the following as their Proposed Consolidated Pretrial Order for the jury trial of this matter which is set for March 9, 2026.

1.      Counsel are to discuss and agree on every possible factual stipulation. The stipulations must be reduced to writing, signed and filed with the consolidated proposed pretrial order as ATTACHMENT "A" hereto.

2.      As ATTACHMENT "B" to the proposed pretrial order, the parties may, but are not required to, submit questions which they desire the Court to propound to jurors concerning their legal qualifications to serve and any other questions they wish propounded for information purposes. If the parties choose to submit general voir dire questions hereunder, they may submit the questions jointly as one attachment or separately as ATTACHMENTS "B-1" and "B-2".[1]

  Attachment B: Parties' agreed voir dire questions
  Attachment B-1: Plaintiff's proposed voir dire questions
  Attachment B-2: Defendants' proposed voir dire questions

3.      State the names of all parties, firms and attorneys to be used in qualifying the jury. State the name of any insurance company involved, and whether it is a stock or mutual company. State the names of all counsel who are members of any firm involved on a contingent fee basis. At

---

[1] The Court will require that each juror stand and give personal background information (name, address, employment, spouse's employment, etc.) and such questions need not be included. The Court will propound questions concerning legal qualifications.

the pretrial conference, counsel may be required to disclose policy limits and details of any insurance coverage.

| **Plaintiff:** | **Defendants:** |
|---|---|
| Betty Wade | Keambriah Morgan |
| | Tamara Grier |
| **Counsel:** | Donald Langdon |
| Rachel Brady | Tracey Johnson McAfee |
| Megan Pierce | |
| Russell Ainsworth | **Counsel:** |
| Loevy + Loevy | Kirkland E. Reid |
| | Amy C. Daugherty |
| | Nick Jackson |
| | Jesse Gardner |
| | The Finley Firm, PC |

**Insurance:**
Defendants object to the jury being qualified as to the Georgia Department of Administrative Services and any other insurers because insurers are not parties and such qualification will be highly and unduly prejudicial.

Insurers: Georgia Department of Administrative Services

4.     Identify the basis upon which the jurisdiction of this Court is based and any questions relating to its jurisdiction.

This action is brought pursuant to 42 U.S.C. § 1983. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331. There are no questions regarding jurisdiction.

5.	List any motions or other matters in the case which remain unresolved. Any motion not so enumerated shall be deemed withdrawn by the moving party.

-Motions *in limine*
-Attorney's Eyes Only Designation on J1 Logbooks
-Writs to secure presence of incarcerated witnesses
-Issue of whether jury venire will come from Augusta Division or Dublin Division

6.	All discovery is to be completed pursuant to the Local Rules. The date of the conclusion of the discovery process and the expected completion of any untranscribed deposition shall be stated.

Fact discovery was completed on May 29, 2025. All depositions have been transcribed.

The parties may seek live testimony of incarcerated witnesses at trial. In the event there is any

issue with their production, the parties may seek to preserve their testimony for trial via

deposition.

7.	State whether the names of the parties in the above-captioned case(s) are complete and correct and whether there is any question of misjoinder or non-joinder.

The names in the caption are complete and correct. There is no question of misjoinder or

non-joinder.

8.	Outline of plaintiff(s)' case.

Plaintiff(s) shall furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement of the cause of action. This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

Plaintiff Betty Wade is suing on behalf of her brother, David Henegar, who died on

October 16, 2021. This lawsuit concerns the events that led to Mr. Henegar's death. At the time

of his death, Henegar was incarcerated at Johnson State Prison for a parole violation. During the

night of October 16, 2021, while locked in his cell, Mr. Henegar's cellmate beat him to death

over several hours.

Plaintiff alleges that Defendants Langdon, McAfee, Grier, and Morgan, were each aware of the risk Mr. Henegar faced and were in a position to prevent Mr. Henegar's death, but failed to take steps to protect him. Plaintiff alleges that Mr. Henegar personally informed Defendants Greir and Morgan that his cellmate was erratic and violent, but they did nothing to separate the cellmates.

Plaintiff alleges that Defendants Langdon and McAfee failed to protect Mr. Henegar while the attack was ongoing, despite that they knew about the attack and had ample opportunity to stop it, and also failed to secure appropriate medical attention. Specifically, Plaintiff alleges that once the attack began, Mr. Henegar and other inmates yelled for help and told Defendant Langdon that Mr. Henegar was being attacked, but Defendant Langdon did nothing. Plaintiff alleges that later that morning, Defendant McAfee saw Mr. Henegar on the floor, with his legs wrapped around the toilet, his body covered in a sheet, and still moving. She was supposed to ask him if he was safe, but she did nothing. Plaintiff alleges that each of these failures caused Mr. Henegar's immense suffering and death.

Plaintiff brings claims on behalf of Mr. Henegar and his estate, seeking compensatory and punitive damages against the Defendants.

9.     Outline of defendant(s)' case.

Defendant(s) shall:

(a)     Furnish a <u>short</u>, <u>succinct</u>, factual and narrative statement as to all defenses (general and special). This statement should not be argumentative and should not recite evidence. In no event shall the statement be more than one page.

(b)     In all actions involving a counterclaim, cross-claim, or third-party action, defendant(s) should summarize the matter, using the outline required as to the main claim.

David Henegar was a state prisoner confined at Johnson State Prison. In the early morning hours of October 16, 2021, Henegar was housed in dorm J-2. Early that morning, Henegar was attacked by his cellmate, Anton Hinton-Leonard. Henegar sustained fatal injuries, including blunt force injuries to the head, torso and extremities and manual strangulation.

Donald Langdon was a corrections officer who was assigned to dorms J-1 and J-2 on the night shift of October 16, 2021. Officer Langdon was the only officer assigned to both dorms and was splitting his time between dorms J-1 and J-2. Officer Langdon was familiar with Henegar and considered him a friend. Officer Langdon did not observe any problems with Henegar and Leonard during his rounds. During rounds, Langdon observed that Henegar appeared to be sleeping in his cell. Items were kicked out of the cell at one point and Officer Langdon moved them back around the front of the cell. Henegar's cellmate, Anton Hinton-Leonard, then kicked items out again and cursed at Officer Langdon.

Officer Tracey Johnson McAfee was a corrections officer who arrived at J Dorm to relieve Officer Langdon around 6:00 a.m. Officer McAfee made her rounds and observed Henegar lying on the floor of his cell with a pillow under his head and a blanket over his body. She knocked on the cell window with her flashlight and observed Henegar move his leg under the blanket. Later, she was notified by an orderly passing out breakfast trays that Henegar was non-responsive in his cell. Officer McAfee went to the cell, saw Henegar in the same position she observed earlier and called her supervisor. Medical personnel were called, entered the cell, and performed CPR on Henegar. EMS was notified of the incident and subsequently received Do Not Resuscitate orders for Henegar. The coroner came, examined Henegar, and he was pronounced dead.

Keambriah Morgan and Tamara Grier were not present during this time on October 16, 2021. Officers Langdon and McAfee did not know that Hinton-Leonard had attacked Henegar in their cell on October 16, 2021. Defendants did not know that there was a substantial risk of harm to Henegar, did not violate Henegar's constitutional rights, did not cause Henegar's death, and Plaintiff is not entitled to damages against Defendants.

> 10. In all cases in which violation of the United States Constitution or a federal or state statute or regulation is alleged, the party making such claim shall specifically state the constitutional provision and/or statute allegedly violated and the specific facts on which such alleged violation is based. The party shall detail the damage or relief sought pursuant to such claim and recite supporting authority.

**Count I: 42 U.S.C. § 1983—Eighth Amendment—Failure to Protect against Defendants Morgan, Grier, Langdon, McAfee**

Defendants Morgan and Grier were aware of the objectively serious risk posed to Mr. Henegar by his cellmate because Mr. Henegar personally notified them of this risk. They were each aware that failure to address the danger posed by a cellmate was a serious risk. They did not take any steps to move Mr. Henegar or his cellmate into another cell. Because of their failures, Mr. Henegar was forced to stay in a cell with a dangerous person, and was tortured and murdered.

Defendant Langdon failed to protect Mr. Henegar because he was aware of the objectively serious risk of serious bodily injury or death posed to Mr. Henegar while Mr. Henegar's cellmate was attacking him, but took no steps to address it. Langdon was personally notified by multiple people (including Mr. Henegar) that Mr. Henegar was being beaten, and Langdon did nothing. Langdon also knew the serious risk posed to Mr. Henegar of failing to do rounds in a segregation dorm when the only means for inmates to get help in an

-6-

emergency was to yell and bang their doors, particularly because of the size difference between Mr. Henegar and his cellmate. Langdon nevertheless failed to do rounds; there were no countervailing factors that prevented him from doing so, since he was sitting in the office for over an hour. He also falsified logbook entries about his whereabouts. His failure to respond to Mr. Henegar's attack when he was notified about it, and his failure to do rounds despite the known risk, caused Mr. Henegar to be tortured for hours and eventually killed.

Defendant McAfee failed to protect Mr. Henegar from the serious risk of harm he faced when she observed him on the floor in his cell, his body covered in a sheet, legs curled around the toilet, and head on a pillow. She failed to get verbal confirmation from him that he was well. She knew that failing to get verbal confirmation of safety from an inmate who is covered and on the floor was a serious risk to their health and safety, yet she took no steps to intervene.

**Count II: 42 U.S.C. § 1983—Eighth Amendment—Failure to Intervene against Defendants Langdon and McAfee**

Plaintiff will not seek to instruct the jury on this theory of Eighth Amendment liability.

**Count III: 42 U.S.C. § 1983—Eighth Amendment—Denial of Medical Care against Defendants Langdon and McAfee**

Defendant Langdon denied constitutionally adequate medical care to Mr. Henegar because he was aware of the objectively serious medical need experienced by Mr. Henegar while Mr. Henegar's cellmate was attacking him, but took no steps to address it. Langdon was personally notified by multiple people (including Mr. Henegar) that Mr. Henegar was being beaten, and Langdon did nothing. His failure to respond to Mr. Henegar's medical need when he was notified about it, and his failure to do rounds after being notified initially about the fight, caused Mr. Henegar to be tortured for hours and eventually killed.

Defendant McAfee denied Mr. Henegar constitutionally adequate medical care when she observed him on the floor in his cell, his body covered in a sheet, legs curled around the toilet, and head on a pillow—in obvious medical distress. She failed to get verbal confirmation from him that he was well. She knew that failing to get verbal confirmation of safety from an inmate who is covered and on the floor was a serious risk to their health and safety, yet she took no steps to provide medical care.

**Count IV: 42 U.S.C. § 1983—Fourteenth Amendment—Due Process against Defendant Langdon**

David Henegar died from strangulation and blunt force injuries of the head and neck, including a fractured nose, multiple abrasions, broken neck bones, brain and scalp hemorrhages, 11 broken ribs, a broken sternum, a torn lung, and a torn liver. The attack that caused those injuries took place over hours and people throughout the dorm heard Mr. Henegar pleading for help. Mr. Henegar told Defendant Langdon that his cellmate was trying to kill him and asked Defendant Langdon directly for help. Other inmates pleaded for Defendant Langdon to help. Defendant Langdon's failure to take a single step to stop Mr. Henegar's torture despite that he was aware that that the torture was prolonged and ongoing, was arbitrary and conscience shocking.

**Damages Sought**

Plaintiff intends to ask the jury to calculate a compensatory damages award that will compensate Mr. Henegar's estate for the hours he spent suffering, the pain and fear he experienced, and his lost future, including time with his children and grandchildren. Plaintiff is not seeking lost earning potential. A seven or eight-figure verdict would be consistent with other

prisoner rights cases in recent years. *See, e.g., Hunter v. Ritz*, Case No. 3:21-cv-271-NJR (S.D. Ill.) ($4 million in compensatory damages and $1 million in punitive damages at trial in an Eighth Amendment denial-of-medical-care case; prisoner did not die); *Estate of Hill v. Spokane County and Naphcare Inc.*, (E.D. Wash) ($26 million jury verdict); *Young v. Glanz*, No. 13-cv-00315 (N.D. Okla.) ($82 million jury verdict in 2023); *Fox v. Barnes*, No. 09 C 5453 (N.D. Ill.) (jury verdict of $11 million in compensatory damages and $1 million in punitive damages); *Dwyer v. Neal, et. al.*, Case No. 3:18-cv-995 (N.D. Ind.) ($3.925 million settlement for prisoner who died in custody due to a fire); *Henry v. Hulett*, No. 3:2012-cv-03087 (C.D. Ill.) and No. 16-4234 (7th Cir. 2020) (jury verdict of liability and awards of punitive and compensatory damages in class action regarding strip searches resulting in $3 million settlement); *Young v. Cook County*, No. 1:2006-cv-00552 (N.D. Ill.) (jury verdict on liability in large strip search class action resulting in $55.3 million settlement); *Doe v. County of Milwaukee*, No. 14 C 0200 (E.D. Wis.) ($6.7 million jury verdict, including a seven figure punitive damages award, in a jail rape case); *Bost v. Wexford Health Sources, Inc.*, Civil Action ELH-15- 3278 (D. Md.) ($8.5 million settlement for jail death due to inadequate medical care).

Plaintiff also seeks an award of punitive damages against each of the Defendants in an amount that the jury believes is sufficient to deter future misconduct by Defendants or others and thereby serve the public good, and to punish Defendants. *See Smith v. Wade*, 461 U.S. 30, 24 (1983) ("Punitive damages are available in civil rights cases where the Plaintiff shows reckless or callous indifference to the plaintiff's federally protected rights, as well as when Defendants' conduct is motivated by evil motive or intent."); *Memphis Community Sch. Dist. V. Stachura*, 477 U.S. 299, 306 n.9 (1986).

**For Defendants:**

Defendants deny the foregoing assertions and deny that Plaintiff is entitled to any recovery.

11.    In tort cases, any party bearing a burden of proof shall list each and every act of negligence or intentional tort relied upon.

Not applicable.

12.    In contract cases or any other action not addressed in paragraphs 10 or 11, any party having a burden of proof shall outline the particular alleged breach of contract or the basis of any other cause of action, enumerate any applicable statute involved, and detail the damages or relief sought and recite appropriate supporting authority.

Not applicable.

13.    If there is any dispute as to agency, state the contentions of the parties with respect to agency.

Not applicable.

14.    State who has the burden of proof (including any affirmative defenses or special issues) and who has the opening and closing arguments to the jury.

Plaintiff has the burden of proof for the claims under 42 U.S.C. § 1983. Plaintiff will present opening statements and closing arguments to the jury.

15.    Under this paragraph, both plaintiff(s) and defendant(s) should separately list the witnesses whom each <u>will</u> have present at the trial and those whom each <u>may</u> have present at the trial. Witnesses intended to be used solely for impeachment shall be listed; however, if a party has a genuine reason for not listing and disclosing an impeachment witness, such party may address the Court *ex parte* and seek a ruling as to whether disclosure may be properly withheld. A representation that a party <u>will</u> have a witness present may be relied on by the opposing party unless notice to the contrary is given in sufficient time prior to trial to allow the opposing party to subpoena the witness or obtain his testimony. If a witness is not listed when the proposed pretrial order is filed, the Court will not allow the addition of a witness by any party, EXCEPT for providential or other good cause shown to the Court by application for amendment to this Order.

NOTE:    COUNSEL MUST SUBMIT TO THE COURTROOM DEPUTY CLERK <u>FOUR</u> COPIES OF THE TYPED WITNESS LIST PRIOR TO JURY SELECTION.

**For Plaintiff:**

<u>**Will Call:**</u>
Betty Wade
Donald Langdon
Tracey Johnson McAfee
Keambriah Morgan
Tamara Grier
Deangelo Williams
Cam Lindsay

<u>**May Call:**</u>
Antoine Caldwell
Ella Mathis
Jessica Blount
Lakisha Franklin
Shyra Taylor
Chabara Davis-Bragg

Christopher Pack
Bailey Perkins
Jason Burns
Leander Solomon
Daniel Welchel
Richard Pierson
Jermaine Malone
Trayquan Gibson
Joshua Jones

Ashley Jay
John Moore
James Payne (Rule 30(b)(6) Witness)

Amber Smith
Haley Horne
Eric Smith

Harrison Moosavi
Colin Hebert
Phil Boatright

**For Defendants:**

<u>**Will Call:**</u>

-11-

Keambriah Morgan
Donald Langdon
Tracey Johnson McAfee
Tamara Grier

**May Call:**
Ashley Jay
James O'Neill Payne

16.     All documents and physical evidence that may be tendered at the trial shall be exhibited to and initialed by opposing parties prior to the pretrial conference. All evidence shall be marked by the parties prior to the pretrial conference, and the parties are encouraged to submit a joint exhibit list on a form supplied by the Clerk. If separate exhibit lists are submitted, they shall be submitted on the forms supplied. Duplications of exhibits should be avoided to the extent practicable. Exhibit lists should be submitted to the Court at the pretrial conference. The material therein shall be identified as follows:

(a)     A list of documents and physical evidence submitted as joint exhibits.

(b)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the plaintiff(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.

(c)     Where separate lists are being submitted, a list of documents and physical evidence to be introduced by the defendant(s). Copies of such exhibits shall be provided to counsel for each other party.

Objections and reasons therefor shall be stated in writing and be filed five (5) days prior to the time of the pretrial conference. Items not objected to will be admitted when tendered at trial.

(d)     Any document or other physical evidence listed by any party and not objected to, or to which objections have been overruled, may be received in evidence on offer by any other party, in the event the listing party does not actually offer it into evidence.

(e)     The foregoing shall not be deemed or construed to expand or limit the rules relating to the admissibility of evidence generally.

The parties have provided witness lists and objections to the Court. ECF Nos. 104, 105.

-12-

17. List all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered. All objections by opposing parties to any portions of the deposition(s) shall be set forth with specific reference to the portion of the testimony objected to and the basis therefor.

(a) Prior to trial, counsel shall confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts. Counsel shall also attempt to resolve all objections to deposition testimony to be offered.

(b) The parties shall, if practicable, conform deposition exhibit numbers in trial questions and testimony to the numbers of trial exhibits.

The parties do not foresee any designations at this time.

18. Each party shall separately provide a memorandum of authorities as to any questions of law likely to arise at the trial, including the merits of plaintiff(s)' claim, defenses asserted, matters of evidence, etc.

Plaintiff's memorandum is filed separately on the docket.

19. Plaintiff's counsel estimates 3 days to present plaintiff's case; defendants' counsel estimates 2 days to present the defense.

20. Plaintiff(s) __x__ has ____has not offered to settle.

Defendant(s) __x__ has ____has not offered to settle.

It appears at this time that there is

   \_\_\_ A good possibility of settlement.
   \_x\_ Some possibility of settlement.
   \_\_\_ No possibility of settlement.

The parties \_x\_ do \_\_ do not wish to confer with the Court regarding settlement.

21. State any other matters which should be covered by pretrial order, including rulings desired of the Court prior to trial.

- Plaintiff wishes to discuss the "Attorneys Eyes Only" designation on a document she intends to use as an exhibit.

- Plaintiff wishes to discuss a trial deposition of a person who was incarcerated with Mr. Henegar, but who is unavailable to attend trial in person.

- Motions *in limine* have been filed and rulings desired prior to trial.

In addition, the parties have reached the following agreements, in lieu of motions *in limine*:

1. Third-party witnesses will not be present in the courtroom unless they are testifying

2. Defendants will not appear in prison guard uniforms

3. When examining inmate witnesses, counsel will refer to incarcerated witnesses as "Mr." or by their full names. They will not be referred to as "Inmate" or "Offender" when being examined.

4. The parties, witnesses, and counsel will not mention any prior settlement discussions, offers/demands, or mediation

5. Defendants will not introduce any evidence regarding their ability to pay a judgment, and counsel for the parties will not refer to the Department of Administrative Services, insurance, indemnification, or any other means by which a judgment will be paid (e.g., "taxpayer funded").

6. The parties, witnesses, and counsel will not raise to the jury Mr. Henegar's prior lawsuit

   regarding medical care he received in prison.

7. The parties, witnesses, and counsel will not refer to staffing within the Georgia

   Department of Corrections; Defendant Langdon may testify about staffing on October 16,

   2021, if necessary.

22.     State whether or not the issues of liability and damages should be tried separately (bifurcated) and give any other suggestion toward shortening the trial. Where bifurcation is opposed by any party, such party shall state the reasons for such opposition.

Liability and damages will be tried together.

23.     In cases where either party requests bifurcation of issues or a special verdict, submit a copy of the proposed verdict as PLAINTIFF'S ATTACHMENT "C" and/or DEFENDANT'S ATTACHMENT "C" hereto. Lead counsel are to discuss and agree on such special verdict where possible. Where agreement is not reached, state the basis for any objections to the special verdict request.

See Plaintiff's Attachment C-1 hereto.

See Defendants' Attachment C-1 hereto. Plaintiff objects to Defendants' proposed verdict

form. This verdict form, as drafted, risks juror confusion, inconsistent findings, and inaccurate

damages, and does not fairly present the issues in a clear, logical, and legally accurate manner.

Specifically:

1. The form is inconsistent with the pattern jury instructions, is misleading and

   confusing, and asks the jury to consider information and legal terminology—

   specifically "cruel and unusual punishment—which is a legal term of art and not an

   element of any of Plaintiff's claims. The jury instructions will identify the elements of

   Plaintiff's claims, and the jury simply needs to identify whether it is finding for

   Plaintiff or Defendants on each claim.

-15-

2. Likewise, because there is joint and several liability, *see* Plaintiff's *Motion in Limine*, the jury should not be asked to award compensatory damages to each defendant specifically.

3. Similarly, this verdict form asks the jury to consider *whether* to award damages if it finds liability. This inaccurately suggests that the jury could find liability but not award damages; that is not the law. If the jury finds liability, it must consider what damages to award.

4. The invitation for the jury to award nominal damages is also inappropriate and a misstatement of the law. Nominal damages are not available in this case, since Mr. Henegar died.

5. Defendants' proposed jury form also does not account for separate claims against each Defendant.

6. Finally, this is not a complicated case that requires specific factual findings.

24. In non-jury cases, the parties shall each file their proposed findings of fact, summary of depositions, and conclusions of law not later than one week prior to the assigned trial date.

Not applicable.

/s/ Rachel Brady
*One of Plaintiff's Attorneys*
*Admitted pro hac vice*
*Attorney for Plaintiffs*
Rachel Brady* (Illinois Bar No. 6312402)
Megan Pierce* (California Bar No. 314044)
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
312-243-5900
brady@loevy.com
megan@loevy.com

/s/ Kirkland E. Reid
Kirkland E. Reid
Georgia Bar No. 525013
The Finley Firm, P.C.
200 13th Street
Columbus, Georgia 31901
Telephone: 706-322-6226
Facsimile: 706-322-6221
kreid@thefinleyfirm.com
*Attorney for Defendants*

*Admitted *pro hac vice*

Gerald Weber
Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, GA 31107
(404) 522-0507
wgerryweber@gmail.com

**IT IS HEREBY ORDERED** that the foregoing constitutes a **PRETRIAL ORDER** in the above case(s), that it supersedes the pleadings which are hereby amended to conform hereto and that this **PRETRIAL ORDER** shall not be amended except by **ORDER OF THE COURT.**

This 26th day of February , 20 26 .

_____
UNITED STATES DISTRICT JUDGE